UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FRANCES BORELLI,

                Plaintiff,

v.                                                        3:14-CV-1402
                                                        (GTS/WBC)
CAROLYN COLVIN
Commissioner of Social Security,

                Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

LACHMAN & GORTON                      PETER A. GORTON, ESQ.
 Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, NY 13761-0089

U.S. SOCIAL SECURITY ADMIN.         ANDREEA L. LECHLEITNER, ESQ.
OFFICE OF REG'L GEN. COUNSEL
 – REGION II
 Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Frances Borelli ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), is the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter, filed on December 2, 2015, recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted. (Dkt. No. 13.) For the reasons set forth below, the Report and Recommendation is accepted and adopted.

## I.     PLAINTIFF'S OBJECTIONS

Generally, Plaintiff restates the five arguments from her initial brief in her objection to Magistrate Judge Carter's Report and Recommendation. (Dkt. No. 14 at 1-2.) First, Plaintiff essentially argues that Magistrate Judge Carter's recommendation that the ALJ properly assessed the medical evidence of record should be rejected because the ALJ erred in evaluating the mental opinions from Robert Russell, Ed.D., Cheryl Loomis, Ph.D., Sarah Harding, L.C.S.W., and E. Kamin, Ph.D., and therefore, the ALJ erred in assessing Plaintiff's psychological impairments and functional limitations. (Dkt. Nos. 10, 14.)

Second, Plaintiff essentially argues that Magistrate Judge Carter's recommendation that the ALJ properly assessed the medical evidence of record should be rejected because the ALJ did not properly consider Plaintiff's limitations in maintaining regular work attendance and completing work tasks on time and, therefore, the ALJ failed to find Plaintiff disabled based on the vocational expert's testimony. (*Id*.)

Third, Plaintiff essentially argues that Magistrate Judge Carter's recommendation that the ALJ properly considered Plaintiff's somatic disorder diagnosis should be rejected because the ALJ failed to consider Plaintiff's somatic disorder and its limiting effects throughout her decision. (*Id*.)

Fourth, Plaintiff essentially argues that Magistrate Judge Carter's recommendation that the ALJ properly assessed the medical evidence of record should be rejected because the ALJ erred in assessing Plaintiff's psychological impairments, specifically regarding Plaintiff's resulting limitations in social functioning and concentration, persistence, and pace.

Fifth, and finally, Plaintiff essentially argues that Magistrate Judge Carter's recommendation that the ALJ sustained her step five burden should be rejected because the

hypothetical posed to the vocational expert did not provide an accurate representation of Plaintiff's limitations. (*Id.*)

## II. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

## III. ANALYSIS

By her own account, Plaintiff's objections "restate the argument set forth in the Plaintiff's brief and the reply brief[1] in this matter." (Dkt. No. 14 at 1) (*Compare* Dkt. No. 10 *with* Dkt. No. 14.) Therefore, the Court reviews the portions of Magistrate Judge Carter's Report and Recommendation addressed in Plaintiff's objections for clear error only. After carefully reviewing the relevant filings in this action, including Magistrate Judge Carter's

---

[1] Plaintiff's counsel confirmed via email, dated December 22, 2015, that no reply brief was filed.

thorough Report and Recommendation, the Court can find no clear error in the Report and Recommendation. Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 13.) As a result, the Report and Recommendation is accepted and adopted in its entirety, and Defendant's decision is affirmed.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 13) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: January 19, 2016
        Syracuse, New York

                                               Hon. Glenn T. Suddaby
                                               Chief, U.S. District Judge